UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

MARK BRIAN GIFFORD and
LEANNE GIFFORD,
    Debtors.
_____/

BANKRUPTCY CASE NO. 10-09773

KELLY M. HAGAN,

    Plaintiff,

v.

E-LIMIDEBT, INC.,

    Defendant.
_____/

ADVERSARY PROCEEDING NO. 11-80235

DISTRICT COURT CASE NO. 1:11-CV-886

HON. ROBERT J. JONKER

## **ORDER**

    This case comes before the Court on Report and Recommendation from the Bankruptcy Court for the Western District of Michigan (docket # 1). Plaintiff, the Chapter 7 Trustee, filed a complaint under 11 U.S.C. §§ 548 and 550 to recover allegedly fraudulent transfers by Debtors to Defendant from April 2009 through November 2009 in the amount of $2,699.37. Complaint, *Hagan v. e-Limidebt, Inc. (In re Gifford)*, Adv. Pro. No. 11-80235 (Bankr. W.D. Mich. May 18, 2011), ECF No. 4. Defendant failed to answer the complaint, and Plaintiff subsequently filed a motion for entry of a default judgment against Defendant. *Id.* (ECF No. 8). The Bankruptcy Court held a hearing on August 4, 2011, to address Plaintiff's motion, but Defendant did not appear (docket # 1). The Bankruptcy Court's Report and Recommendation followed.

In its Report and Recommendation, the Bankruptcy Court concluded that default judgment against Defendant was appropriate, and that the complaint constituted a core matter under 11 U.S.C. § 157(b)(2). Relying on the Supreme Court's recent decision in *Stern v. Marshall*, ___ U.S. ___, 131 S. Ct. 2594 (2011), however, the Bankruptcy Court concluded it lacked the constitutional authority to enter a final judgment in this matter and therefore submitted its Report and Recommendation to this Court for the entry of judgment.

After reviewing the Bankruptcy Court's Report and Recommendation and the record below, the Court grants Plaintiff's motion for default and enters a money judgment in favor of Plaintiff against Defendant in the amount of $2,699.37 as recommended by the Bankruptcy Court. In entering this Order, the Court does not reach the issue of whether *Stern* required the Bankruptcy Court to refer the case to the Court for entry of judgment. It is undisputed the Court has jurisdiction to enter judgment in this matter, and the Bankruptcy Court's reference of the matter to the Court does not constitute reversible error. *Cf. In re Burkman Supply, Inc.*, 217 B.R. 223, 223 (W.D. Mich. 1998) ("[T]he fact that the bankruptcy judge in this matter took the additional step and submitted this matter to the Court by way of a report and recommendation does not constitute reversible error."). Therefore, in order to resolve this matter in an expeditious, efficient, and cost-effective manner, the Court adopts the Bankruptcy Court's recommendation to enter judgment in favor of Plaintiff, and leaves the proper reach of *Stern* for another day, when the issue is actually contested by the parties.

**IT IS SO ORDERED**. The Clerk of Court shall enter Judgment.

Dated:   September 15, 2011          /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     UNITED STATES DISTRICT JUDGE